# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GIVENS,<br>              Petitioner, | )<br>)<br>) |
| vs. | ) Civil Action No. 12-365<br>) Magistrate Judge Maureen P. Kelly |
| THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA Debra<br>Kelly; MARIROSA LAMAS; THE<br>DISTRICT ATTORNEY OF THE<br>COUNTY OF ALLEGHENY; DANIEL<br>EDWARD FITZSIMMONS,<br>              Respondents. | )<br>)<br>)<br>)<br>) Re:   ECF No. 19<br>)<br>) |

## MEMORANDUM OPINION

Michael Givens ("Petitioner") has filed what he entitled "Independent Action for Relief from Final Order, or, alternatively, Motion for Relief from Final Order Pursuant to F.R.C.P. 60(b)" (the "Motion"). ECF No. 19. For the reasons that follow, the Motion will be denied.

On May 4, 2000, Petitioner was convicted by a jury of first-degree murder in the shooting death of a teenager and related charges. As a consequence, on June 19, 2000, Petitioner was sentenced to, *inter alia*, life in prison without the possibility of parole for the conviction of first-degree murder. Twelve years later, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") in May, 2012. ECF No. 6. Respondents filed a Motion to Dismiss, ECF No. 9, asserting, *inter alia*, that the Petition was time barred. After granting Petitioner an extension of time to file his response to the Motion to Dismiss, Petitioner filed his Response. ECF No. 14. On March 18, 2013, the Court granted Respondents' Motion to Dismiss, finding all but one of Petitioner's claims were time barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The sole claim not time

barred was a claim of newly discovered evidence, which the Court found to have been procedurally defaulted. The Court denied a certificate of appealability. ECF No. 15. Petitioner appealed and the United States Court of Appeals for the Third Circuit denied a certificate of appealability on August 8, 2013. Givens v. Lamas, No. 13-2098 (3d Cir.). On February 24, 2014, the United States Supreme Court denied Petitioner's petition for writ of certiorari.

Petitioner waited until May 9, 2016, more than three years after this Court dismissed his Petition as time barred, to sign the Motion, which was not received by the Court until June 10, 2016. ECF No. 19.

Petitioner fails to carry his heavy burden to show entitlement to relief whether the Motion is treated as having been filed pursuant to Fed.R.Civ.P. 60(b) or as being an Independent Action.

Petitioner seeks to attack this Court's prior determination that his Petition was time barred as measured from the date his conviction became final, i.e., the Court determined that he did not file his Petition within one year of his conviction becoming final. Apparently, for the first time in these proceedings, Petitioner argues that rather than calculate the AEDPA statute of limitations from the date his conviction became final, the Court should calculate the start of the AEDPA statute of limitations from the date a state created impediment to the filing of the habeas petition was removed. ECF No. 19 at 6 – 7.

The state created impediment that Petitioner claims prevented him from filing the habeas Petition was that he was denied law library access in late January 2005, when he had a brief to prepare and file in the Pennsylvania Superior Court during the appeal of his Post Conviction Relief Act ("PCRA") proceedings. Petitioner claims that this denial of access to the law library,

over eleven years ago, caused him to fail to file his brief in the Superior Court, resulting in his appeal being dismissed for failure to file a brief. He then claims that "the State created impediment [to the filing of the brief in the Superior Court] snowballed into the trigger date in which Petitioner had until to file his writ petition." ECF No. 10 at 7 – 8.

There are several substantial deficiencies with Petitioner's arguments. First, Petitioner relies on Fed.R.Civ.P. 60(b)(6).[1] Id. at 8. A motion under subsections (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)(addressing Rule 60(b)(6)).

We find that Petitioner's waiting until May 9, 2016, more than three years after the judgment was entered on March 18, 2013, granting the Respondents' Motion to Dismiss is not a reasonable time, especially given that he had this argument available to him at least since January – March 2005 when he was denied library access for several days and when his appeal to the Superior Court was dismissed for failing to file a brief. He fails to explain why he did not raise

---

[1] Fed. R. Civ. P. 60 provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

this argument in response to the Respondents' Motion to Dismiss and/or why he waited until now to raise this argument. United States v. Soto-Valdez, No. CV-99-1591-PHX-RCB L, 2013 WL 5297142, at *12 (D. Ariz. Sept. 19, 2013) ("Courts have routinely held that delays of less than three years in seeking Rule 60(b)(6) relief are not reasonable.").

Further, Petitioner has not shown "extraordinary circumstances" because a prisoner being denied access to a law library for several days is simply not an extraordinary occurrence in the context of prison life. Brown v. Nelson, No. 05 Civ. 4498, 2008 WL 4104040, at *3 (S.D.N.Y. Aug. 29, 2008) (claims that petitioner was unable to file an amended complaint within the time allotted by the court because he suffered "ongoing discrimination/retaliation", was denied "meaningful access to the law library [and] ... [the] right to hav[e] a 'legal assistant' from [the] law library" insufficient to constitute extraordinary circumstances); Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 85 (S.D.N.Y. 2003) (holding that pro se plaintiff's inability to "identify an accessible law library," "lack of understanding" of Court's requests and required documents, and "failure of the Pro Se Office" to assist her were not extraordinary circumstances justifying relief under Rule 60(b)). Accordingly, the Motion, treated as a Rule 60(b) Motion, is denied.

Petitioner also seemingly suggests that he is entitled to equitable tolling of the AEDPA statute of limitations based upon him being actually innocent. ECF No. 19 at 10 – 13. But this was an argument that he made previously to the Court, which the Court rejected. ECF No. 15 at 12 – 21. Moreover, there is nothing in the Motion that persuades the Court of Petitioner's actual innocence claim now. See, e.g., McQuiggen v. Perkins, 133 S.Ct. 1924 (2013) ("We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not

4

meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' . . . And in making an assessment of the kind *Schlup* envisioned, 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence.").

Even considering the current Motion as an Independent Action in Equity, Petitioner again fails to carry his heavy burden. An Independent Action in Equity is, as its name implies, an equitable remedy. See, e.g., Sinesterra v. Roy, No. CIV.A.5:08CV16, 2008 WL 4239769, at *1 (E.D. Tex. Sept. 11, 2008) ("An independent action for relief is an equitable remedy. . ."), *aff'd*, 347 F. App'x 9 (5th Cir. 2009); United States v. Burke, No. CRIM. A. 92-268-1, 2008 WL 901683, at *4 (E.D. Pa. Apr. 2, 2008) ("Both [an Independent Action in Equity and a claim under Haxel – Atlas], however, are equitable remedies reserved to the courts by the savings clause of Federal Rule of Civil Procedure 60. The savings clause does not create a new cause of action; rather, 'Rule 60[d] merely reserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity.") (footnotes omitted), *aff'd*, 321 F. App'x 125 (3d Cir. 2009). Because an Independent Action in Equity is a creature of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989). Just as we found a delay of three years

in bringing this Motion to be unreasonable under Rule 60(b), we find the delay of three years to be inequitable under principles of equity and that Petitioner has slept on his rights, which renders his request for equitable relief unpersuasive to the Court. Accordingly, the Motion treated as an Independent Action in Equity is denied.

For the foregoing reasons, the Motion is hereby DENIED whether treated as a Motion filed pursuant to Fed.R.Civ.P. 60(b) or as an Independent Action in Equity. To the extent one is necessary, a certificate of appealability is also denied as jurists of reason would not find the foregoing debatable.

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2016

cc: MICHAEL GIVENS
EG-5847
S.C.I. Rockview
P.O. Box A
Bellefonte, PA 16823-0820

All counsel of record via CM-ECF